**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPHUS T. Y. NYEMA, SR.,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF NEW JERSEY,<br><br>  Respondent. | Civil Action No. 10-2933 (MLC)<br><br>**O P I N I O N** |

**APPEARANCES:**

JOSEPHUS T. Y. NYEMA, SR., Petitioner <u>Pro Se</u>
P.O. Box 582, Trenton, NJ 08604

**COOPER, District Judge**

　　Petitioner, Josephus T. Y. Nyema, Sr., filed a Petition and an Amended Petition for a Writ of Error Coram Nobis challenging a judgment of conviction entered on August 26, 2005, in New Jersey Superior Court, Mercer County.  (Docket Entry #2, p. 2); <u>State v. Nyema</u>, 2007 WL 3402202, at *1 (N.J. App. Div., Nov. 16, 2007). This Court will summarily dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

　　　　　　　　　　I.  BACKGROUND

　　On August 26, 2005, the New Jersey Superior Court, Mercer County, Law Division, imposed a three-year term of probation based on Petitioner's conviction of third-degree forgery and fourth-degree falsifying or tampering with records.  (Docket Entry #2 at pp. 1-2.)  In a subsequent proceeding, the same court granted the State's motion, pursuant to N.J.S.A. § 2C:51-2, for

forfeiture of defendant's public employment.  (Docket Entry #2-3.)  On November 16, 2007, the New Jersey Appellate Division affirmed, and on February 29, 2008, the New Jersey Supreme Court denied certification.  State v. Nyema, 194 N.J. 273 (2008).  On September 30, 2009, the Law Division denied Petitioner's state petition for post-conviction relief.  (Docket Entry #2, p. 3.)

On December 30, 2008, Petitioner challenged the conviction in this Court by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Nyema v. New Jersey, No. 09-69 (MLC).  On August 3, 2009, this Court construed the action as a petition under 28 U.S.C. § 2254, dismissed the petition for lack of jurisdiction, and denied a certificate of appealability.  This Court reasoned that, since Petitioner filed his habeas petition after the expiration of his three-year term of probation, this Court lacked jurisdiction over the petition because Petitioner did not satisfy the "in custody" requirement applicable to petitions under § 2254 and § 2241.  This Court observed that Petitioner might be able to challenge the conviction by seeking a writ of error coram nobis in the New Jersey courts.  Id.  But this Court declined to construe the petition as a writ of error coram nobis because such is available in federal court only for those who are convicted in a federal court.  Id. at 5.

On June 9, 2010, Petitioner filed the instant Petition for Writ of Error Coram Nobis challenging his New Jersey conviction. (Docket Entry #1.)  He filed the Amended Petition on July 12,

2

2010.  (Docket Entry #2.)  Petitioner asks this Court to grant a writ of error coram nobis with respect to the August 26, 2005, conviction in New Jersey state court.  Id.

## II.  DISCUSSION

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

"In federal courts the authority to grant a writ of coram nobis is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'"  United States v. Denedo, 129 S.Ct. 2213, 2221 (2009) (quoting 28 U.S.C. § 1651(a)).  Moreover, "[b]ecause coram nobis is but an extraordinary tool to correct a legal or factual error, an application for the writ is properly viewed as a belated extension of the original proceeding during which the error allegedly transpired."  Id.  This Court lacks jurisdiction to issue a writ of coram nobis in this case, however, because "coram nobis is not available in a federal court as a means of attack on a state criminal judgment."  Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); accord Finkelstein v. Spitzer, 455 F.3d 131, 134 (2d Cir. 2006); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992).

To the extent that Petitioner seeks a writ of habeas corpus, this Court lacks jurisdiction because Petitioner was not "in custody" under the challenged state conviction at the time he filed the Petition on June 9, 2010.  See Obado, 328 F.3d at 717-18.  This Court will accordingly dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.  Id.

### III.  CONCLUSION

Based on the foregoing, the Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.  The Court will issue an appropriate order and judgment.


　　　　　　　　　　　　　　　　　　　　s/ Mary L. Cooper
　　　　　　　　　　　　　　　　　　**MARY L. COOPER**
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:   December 13, 2010